**JOSEPH HAGE AARONSON LLC**

485 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
(212) 407-1200
WWW.JHA.COM

GREGORY P. JOSEPH
DIRECT DIAL: (212) 407-1210
DIRECT FAX:  (212) 407-1280
EMAIL:  gjoseph@jha.com

October 11, 2018

By ECF and By Hand
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21A
New York, NY  10007-1312

Re:    *Williams, et al. v. Equitable Acceptance Corp., et al.*, No. 18-cv-07537 (S.D.N.Y.)

Dear Judge Buchwald:

On behalf of Defendant Equitable Acceptance Corporation ("**EAC**"), we write pursuant to paragraph 2.B of Your Honor's Individual Practices to set forth the basis for EAC's anticipated motion to dismiss the Complaint,[1] and to request a pre-motion conference. Plaintiffs assert claims for: (i) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1962(c) & (d) ("**RICO**"); (ii) violation of the Truth in Lending Act, 15 U.S.C. §§1637(a)-(b), 1638(a) ("**TILA**"); (iii) violation of N.Y. General Business Law ("**GBL**") §349; (iv) primary and aiding and abetting liability for common law fraudulent inducement; and (v) usury in violation of N.Y. General Obligations Law ("**GOL**") §5-501(1) and N.Y. Banking Law §14-a(1)). Each claim is infirm, and should be dismissed.

Plaintiffs seek to represent a class of student loan borrowers and claim an allegedly "unlawful scheme to sell them purported 'student loan relief' services" by EAC and Defendants SLF Center, LLC ("**SLF**"), Integra Student Services, LLC ("**Integra**"), and 41 others (collectively, "**Dealers**") (¶¶1-2). Plaintiffs claim they were fraudulently induced to pay the Dealers to obtain forgiveness of their student loans by the Dealers' claims they were affiliated with the U.S. Department of Education ("**DOE**")—but the first sentence of the Agreements Plaintiffs signed states: "We [each Dealer] are a private company not affiliated with the Department of Education." Plaintiffs also claim the Dealers fraudulently concealed that the services they provided were available free from the DOE or loan servicers, but the second sentence of the Agreements plaintiffs signed states: "You may, of course, try to complete your applications and consolidate your student loans or make changes to their repayment plans yourself without paying anyone a fee—the results could be the very same or they might vary." SLF's and Integra's agreements with the Plaintiffs fully disclosed their services as private document-preparation firms. Plaintiffs claim they were

---

[1]   References to the Complaint (ECF No. 1) are abbreviated "¶_." Emphasis is added to, and internal quotations, brackets, ellipses, and citations omitted from, quoted material in this letter, unless otherwise indicated.

JOSEPH HAGE AARONSON LLC

Hon. Naomi Reice Buchwald
October 11, 2018
Page 2

induced to finance the Dealers' services with credit from EAC by EAC's alleged concealment of the fact that contracts bearing the clear title "**Equitable Acceptance Revolving Credit Plan**" ("**Credit Agreements**") were in fact a loan (¶¶4, 65). These two Plaintiffs are college graduates. A credit plan is a loan.

**No RICO Claim (Claims I, II).** The alleged racketeering activity consists of Computer Fraud and Abuse Act violations, 18 U.S.C. §1030(g) (¶274), and mail/wire fraud, 18 U.S.C. §1341 & 1343 (¶273). The former is not a RICO predicate act,[2] and Plaintiffs do not plead the latter in compliance with Rule 9(b). Plaintiffs' allegations of the Dealers' fraudulent misrepresentations and omissions are refuted by the Complaint and documents it incorporates or relies on. The agreements Plaintiffs entered clearly disclose the terms of the transactions and financing they agreed to. Any alleged omission of required TILA disclosures in the Credit Agreements is irrelevant to RICO as a TILA violation is not a not predicate act,[3] and Plaintiffs do not plead actual deception, much less any harm, from the omissions they allege. Nor do Plaintiffs plead a pattern of racketeering—specifically, continuity. They allege a pattern spanning at most 19 months, which is less than the two-year minimum for closed-ended continuity in this Circuit.[4] They also fail to plead open-ended continuity because a "sweeping allegation that defendants employed the same scheme in connection with [others] is insufficient to show open-ended continuity" without "factual allegations indicating that defendants engaged in fraud ... in a manner and by means similar to those alleged" by Plaintiffs.[5] The Complaint fails to plead "racketeering acts" that (i) "themselves include a specific threat of repetition extending indefinitely into the future," or (ii) "can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes, such as an organized crime family."[6] The substantive §1962(c) claim therefore fails, dooming the §1962(d) claim for RICO conspiracy.[7]

**No Actionable TILA Claim (Claims III, IV).** Plaintiffs allege that EAC omitted "required disclosures for <u>closed-end</u> credit" (¶¶291, 299). But those disclosures were not required because the credit EAC extended was "<u>open end</u>" under TILA.[8] The Credit Agreements are "Revolving Credit Plans" in name and substance. They provide that a Borrower's "future purchases" will be "debited against the line of credit that [EAC] may establish hereunder" and impose a "finance charge." Because the credit was open end, EAC was required to make only the obligatory disclosures for open end credit. Plaintiffs lack standing to bring claims based on EAC's alleged violations of these requirements because they do not, and cannot, make any claim that the

---

[2]   *See, e.g., Rickett v. Smith*, 2015 WL 3580500, at *4 (W.D. Ky. June 5, 2015).
[3]   *See, e.g., Zander v. ACE Mortg. Funding LLC*, 2012 WL 601896, at *4 (C.D. Cal. Feb. 23, 2012).
[4]   *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004) (Second Circuit "has never found a closed-ended pattern where the predicate acts spanned fewer than two years.").
[5]   *Ozbakir v. Scotti*, 764 F. Supp. 2d 556, 572 (W.D.N.Y. 2011).
[6]   *Id.* at 571.
[7]   *See, e.g., Knoll v. Schectman*, 275 F. App'x 50, 51 (2d Cir. 2008).
[8]   *See* 15 U.S.C. §1602(j) (an open end plan is one (1) "under which the creditor reasonably contemplates repeated transactions;" (2) "which prescribes the terms of such transactions;" and (3) "which provides for a finance charge").

JOSEPH HAGE AARONSON LLC

Hon. Naomi Reice Buchwald
October 11, 2018
Page 3

disclosure errors they allege affected their conduct in any way (¶¶288-95).[9] Plaintiffs' "assignee" liability claim (¶¶296-303) also fails. Under 15 U.S.C. §1641(a), certain TILA violations which can be asserted against a creditor may also be maintained "against any assignee of such creditor." The Dealers, however, do not satisfy TILA's definition of a "creditor" because they do not regularly extend credit.[10] Accordingly, EAC cannot be liable as their assignee.

**No GBL §349 Claim (Claims V, VI).** Plaintiffs cannot maintain a claim against EAC for the Dealers' alleged GBL §349 violations under the "holder" clause of the Credit Agreements.[11] Plaintiffs' claims of Dealer deception (¶310) are refuted by the documents their claims are based on, and "there can be no [GBL §349] claim when the allegedly deceptive practice was fully disclosed."[12] Because a holder clause "provide[s] for liability only where there is underlying liability to the original contracting party," Plaintiffs have not stated a claim against EAC.[13] Plaintiffs' direct GBL §349 claim against EAC also fails because EAC's allegedly deceptive non-disclosures were in fact made or were exempted by TILA. Under GBL §349(d), it is a "complete defense that the act or practice is ... subject to and complies with" TILA. The allegation that EAC "[f]alsely represent[ed] that the Servicers do not provide free services" (¶317(c)) is not only conclusory, but Plaintiffs do not allege that EAC made this statement to either Plaintiff (*see* ¶78).

**No Fraudulent Inducement (Claims VII, VIII).** A fraudulent inducement plaintiff "may not justifiably rely on a representation that is specifically disclaimed in a written agreement."[14] As Plaintiffs' agreements with SLF and Integra clearly disclosed the terms of the transactions, Plaintiffs cannot plead primary fraud liability against the Dealers. This precludes claims against EAC for aiding and abetting fraudulent inducement and for "holder" liability (¶¶321, 324-29).[15]

**No Usury (Claim IX).** Plaintiffs lack standing to claim that EAC's interest was usurious under GOL §5-501(1) (¶¶344(d), 345(g)). Plaintiffs admit they paid only a fraction of their debt to EAC.[16] As a matter of law, payments that do not repay principal cannot include "excess interest paid." *See, e.g., Reel v. Porcella*, 263 A.D. 621, 623-24 (1st Dep't 1942).

---

[9] *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-49 (2016) ("For an injury to be particularized, it must affect the plaintiff in a personal and individual way. ... Article III standing requires a concrete injury even in the context of a statutory violation."); *Strubel v. Comenity Bank*, 842 F.3d 181, 188-89 (2d Cir. 2016) ("[A] bare ... procedural violation, divorced from any concrete harm" cannot "satisfy the injury-in-fact requirement of Article III.").

[10] *See* 15 U.S.C. §1602(g) ("'[C]reditor' refers only to a person who both (1) regularly extends ... consumer credit ... , and (2) is the person to whom the debt ... is initially payable ... .").

[11] The Credit Agreements provide that any holder of the contract "is subject to all claims and defenses which the debtor could assert against the seller of goods or services [obtained] pursuant hereto or with the proceeds hereof."

[12] *Broder v. MBNA Corp.*, 281 A.D.2d 369, 371 (1st Dep't 2001).

[13] *Scott v. Greenberg*, 2017 WL 1214441, at *20 (E.D.N.Y. Mar. 31, 2017).

[14] *Passelaigue v. Getty Images (US), Inc.*, 2018 WL 1156011, at *3 (S.D.N.Y. Mar. 1, 2018).

[15] *See IKB Int'l S.A. v. Bank of Am. Corp.*, 584 F. App'x 26, 29 (2d Cir. 2014) (no aiding and abetting claim "in the absence of underlying fraud"); *Scott*, 2017 WL 1214441, at *20.

[16] ¶¶178, 187, 189, 219, 221, 224, 226, 232.

JOSEPH HAGE AARONSON LLC

Hon. Naomi Reice Buchwald
October 11, 2018
Page 4

                                                Respectfully submitted,

                                                /s/ Gregory P. Joseph

                                                Gregory P. Joseph

Cc:     All counsel of record (by ECF)