October 16, 2018

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312


Re:   *Williams v. Equitable Acceptance Corp.*, 18-cv-7537

Dear Judge Buchwald:

    We represent plaintiffs Vanessa Williams and Kory Turner ("Plaintiffs") in this action, and write in response to Defendant EAC's[1] letter requesting a pre-motion conference (the "EAC Letter" or "Ltr."), Dkt. 19.  As detailed in the Complaint, EAC and the defendant Dealers have for years acted in concert to deceive student loan borrowers by promising that they can obtain loan forgiveness, when EAC and the Dealers cannot offer such relief and the borrowers are in fact taking on new revolving loans, at usurious rates, while their existing debt is left to grow ever larger.  Compl. ¶¶ 1-8, 56-87.  This conduct has led to hundreds of consumer complaints and drawn the attention of state and federal regulators.  *See Id*. ¶¶ 37-86.  Just last month, the New York Attorney General filed a complaint against EAC alleging that EAC and certain dealers "engag[ed] in deceptive, fraudulent and illegal conduct," including by misrepresenting that they were affiliated with the federal government and that borrowers could not apply for services on their own, when in fact they can do so for free.[2]  Like Plaintiffs here, the Attorney General alleged that EAC's and its affiliates' conduct violated TILA and the GBL, and constituted unlawful fraud and usury.[3]  EAC contends in its letter that it should bear no liability for this fraudulent enterprise.  EAC is wrong: its assortment of excuses and arguments do not make a dent in Plaintiffs' claims.

    EAC first argues that its frauds are all washed clean by disclosures purportedly made in contracts signed by Plaintiffs.  Ltr. 1.  Plaintiffs did not possess and did not sue on these purported contracts; they are neither integral to nor attached to the Complaint; and there are factual questions regarding their legitimacy.  They thus may not serve as the basis for dismissal.  In any case, the supposed disclosures EAC cites are insufficient because they are not "explicit disclaimers of the particular representations that form the basis of Plaintiffs' fraud claims."[4]  According to EAC, the disclaimers state that the pertinent Dealer is "not affiliate[d] with the [DOE]" and the borrower "may … try to complete … your applications … yourself without paying anyone a fee … the results … might vary."  *Id*. 1.  However, these disclaimers do not cover numerous material false and misleading statements alleged by Plaintiffs, including the central allegation that Dealers falsely offered loan forgiveness.  *See* Compl. ¶ 41, 310(a). Nor do

---

[1]  Except as otherwise indicated, defined terms shall bear the same meaning as in the Complaint or the EAC Letter.
[2]   *See* Summons and Compliant, *People of the State of New York v. EAC et al*. ¶¶ 3-5, 39-41, *available at* goo.gl/16VhkNs.
[3]  *Id*. ¶¶ 170-199, 220-26, 354-64.
[4]  *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 CIV. 4650 JFK, 2015 WL 769573, at *4 (S.D.N.Y. Feb. 24, 2015) (quotation and citations omitted).

the two purported disclosures upon which EAC relies negate the total pattern of deception, misrepresentation, and concealment alleged by Plaintiffs. At very most, these purported disclosures only affect limited allegations in the Complaint, and as to those, present questions of fact not resolvable on the pleadings.[5]

### A. The RICO Claims (I & II) Are Properly Pleaded

None of EAC's barrage of objections to the RICO claims support dismissal of those claims. EAC asserts "Plaintiffs do not plead [mail/wire fraud] in compliance with Rule 9(b)" (Ltr. 2), but EAC offers nothing to support this assertion, and the Complaint more than meets the pleading standard by setting forth the specific circumstances of fraud and facts creating a strong inference of scienter.[6] *See* Compl. ¶¶ 258-81. EAC's unsupported assertion that Plaintiffs "do not plead actual deception" or "harm" are likewise belied by the Complaint. *See, e.g.*, *id.* ¶¶ 49-50, 161, 174, 190. EAC's objection that Plaintiffs have not pleaded continuity is a red herring, as Plaintiffs allege an open-ended pattern. *Id.* ¶¶ 99-138, 276 (alleging ongoing pattern of using false and misleading statements to procure long-term credit agreements at usurious terms and fraudulently concealing those terms over the course of those agreements).[7] Plaintiffs provided detailed allegations of the operations of the illicit enterprise, and supported them with allegations of consumer complaints, investigations, and lawsuits. *Id.* ¶¶ 88-138 (operations of illicit enterprise), 130-33 (consumer complaints), 81-82 (investigations), 85-87 (lawsuits). These allegations far exceed the threshold needed to sustain a RICO complaint.[8] Finally, EAC claims the Complaint does not properly allege a pattern of "racketeering acts," Ltr. 2, but Plaintiffs have met the pleading standing by alleging predicate acts that are "part of an ongoing entity's regular way of doing business."[9] *E.g.*, Compl. ¶¶ 88-138, 276.[10]

### B. The TILA Claims (III & IV) Are Properly Pleaded

EAC's assertion that Plaintiffs' claims under TILA should be dismissed because "EAC was required to make only the obligatory disclosures for open end credit" is incorrect, for two reasons. First, Plaintiffs plead that EAC provided neither the disclosures required for an open-end credit plan nor those required for a closed-end plan, *see* Compl. ¶¶ 291-92—so even if EAC's credit was open-end, Plaintiffs have pleaded a TILA violation. Second, whether EAC's credit was, in substance, open-end, turns on whether EAC reasonably contemplated repeated transactions. This is "a question of fact to be decided in the context of the creditor's type of business and the creditor's relationship with its customers," which is inappropriate for resolution on a motion to dismiss.[11] EAC's standing argument also fails; Plaintiffs have in fact alleged that

---

[5] *See*, *e.g.*, *ACA Fin. Guar. Corp. v. Goldman, Sachs & Co.*, 25 N.Y.3d 1043, 1045 (2015) ("[R]easonable reliance is not generally a question to be resolved . . . on a motion to dismiss[.]") (quotation and citation omitted).
[6] *Peralta v. Peralta*, 2018 WL 1384509, at *7 (S.D.N.Y. Mar. 16, 2018).
[7] *See H.J. Inc. v Northwestern Bell Tel. Co.*, 492 U.S. 241-242 (1989) (proper to bring claims before closed-end continuity period where—as here—"threat of continuity is demonstrated"). In any event, the Complaint also pleads close-ended continuity. *See* Cmpl. ¶¶ 57, 263, 267 (alleging pattern of racketeering activity continuing for "over three years").
[8] *E.g.*, *Duval v. Albano*, 2017 WL 3053157, at *6 (S.D.N.Y. July 18, 2017) (holding a plaintiff "adequately pleaded the pattern requirement, by pleading with specificity" just "*two* predicate acts of wire fraud" (emphasis added)).
[9] *H.J.*, 492 U.S. at 242.
[10] EAC also asserts that the CFAA violations cannot serve as RICO predicate acts. Ltr. 2. Plaintiffs do not rely on CFAA violations to form the basis of any RICO claims against EAC.
[11] OFFICIAL STAFF INTERPRETATION OF 12 C.F.R. § 226.2(A)(20), *codified at* 12 C.F.R. Part 226, Suppl. I.

disclosure errors affected their conduct, leading to actual injury.  *See id*. ¶¶ 172-74, 187-97, 209-211, 236-44, 294, 302.  Plaintiffs have also alleged that the procedural TILA violations have harmed "interests particular to [him or] her—specifically, access to disclosures of [his or] her own obligations," which has affected each Plaintiff "in a personal and individual way."[12]

### C. The GBL Claim (VI) Is Properly Pleaded

As noted, EAC asserts that Plaintiffs' claims are "based on" documents that disclose or refute the claims, but cite to language from agreements that Plaintiffs did not possess, did not plead, and could not have attached to the Complaint.  Plaintiffs have alleged numerous deceptive acts by the Dealers and EAC that EAC fails to acknowledge or contend with, *see* Compl. ¶¶ 310, 317, including the failures to disclose that the Dealers cannot offer loan forgiveness, that the payments on the new loan would in no way reduce the borrower's student loan debt, that the offered services could increase the borrower's student loan balance, and the true cost and nature of the credit extended.  These violations state a GBL Section 349 claim against the Dealers—and therefore against EAC under the Credit Agreement "holder" clause, as well as a GBL Section 349 claim against EAC itself.

### D. The Fraudulent Inducement Claims (VII & VIII) Are Properly Pleaded

EAC again relies on purported disclosures in agreements outside the Complaint.  Plaintiffs have sufficiently alleged that the Dealers made misrepresentations to the borrowers, *see* Compl. ¶ 320, including misrepresenting that the borrowers will obtain loan "forgiveness," failing to disclose that offered services could increase the borrower's student loan balance, and failing to disclose that the payments on the new loan would in no way reduce the borrower's student loan debt.  EAC does not assert that any of these alleged misrepresentations are disclosed in the terms of the transactions.  In assessing reasonableness of a plaintiff's reliance, a court must make a fact-specific inquiry into the entire context of the transaction (including the complexity and magnitude, sophistication of the parties, and content of any agreements between them).[13]

### E. The Usury Claims (IX) Are Properly Pleaded

The proposition that Plaintiffs must allege the payment of interest on a usurious contract to demonstrate usury standing is EAC's invention.  EAC's ancient precedent is not to the contrary: the court there found a claim that a contract was "usurious at its inception" to be "well founded," but dismissed a *separate* claim for the *return* of interest payments because the plaintiff failed to allege that interest payments had actually been made.[14]  Plaintiffs have properly alleged a usury claim based on EAC charging in excess of the 16% per annum limit.[15]

\* \* \*

EAC has presented no viable grounds for a motion to dismiss, and this case should proceed to discovery.  Plaintiffs are available for a Conference at the Court's convenience or to address these issues through further written submissions.

---

[12] *Strubel v. Comenity Bank*, 842 F.3d 181, 190-91 (2d Cir. 2016) (quotation marks and citation omitted).

[13] *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003).

[14] *Reel v. Porcella*, 263 A.D. 621, 622 (1st Dept. 1942).

[15] *See Roopchand v. Mohammed*, 154 A.D.3d 986 (2d Dept. 2017) (New York usury provides "'[t]he maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious'") (citing N.Y. Gen. Oblig. Law § 5-501(a) & N.Y. Banking Law § 14(a)) (quotations and further citation omitted).

Respectfully submitted,

| | |
|---|---|
| *[signature]* | *[signature]* |
| Jonathan Oblak | Danielle Tarantolo |
| Stephen Schweizer | Jane Greengold Stevens |
| Anna Deknatel | Jessica Ranucci |
| QUINN EMANUEL URQUHART | NEW YORK LEGAL ASSISTANCE GROUP |
| & SULLIVAN, LLP | 7 Hanover Square |
| 51 Madison Avenue, 22nd Floor | New York, NY 10004 |
| New York, NY 10010 | (212) 613-5000 |
| (212) 849-7199 | dtarantolo@nylag.org |
| jonoblak@quinnemanuel.com | |
| *Counsel for Plaintiff* | |

CC:    Counsel of record (By ECF)