WRITER'S DIRECT DIAL NO.
**(212) 849-7156**

WRITER'S EMAIL ADDRESS
**jonoblak@quinnemanuel.com**

March 20, 2020

The Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street, Room 2270
New York, NY 10007

Re:  *Williams et al. v. Equitable Acceptance Corporation*, *et al.*, 18-CV-07537:
<u>Plaintiffs' Request for Pre-Motion Conference and Extension of Discovery</u>

Plaintiffs write pursuant to Rule 2.B of your Honor's Individual Practices and Local Rule 37.2.  In light of Your Honor's decision denying the motion by Defendant Equitable Acceptance Corporation ("EAC") to dismiss Plaintiffs' claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), Plaintiffs request a conference in advance of further motion practice.  Plaintiffs further request that Your Honor extend the current discovery deadlines, which have been triggered by the entry of that decision.

As Your Honor is aware, Plaintiffs agreed to suspend litigation and attempt to reach settlement—and Your Honor held the motion to dismiss decision—based on the representations of EAC's counsel that its business was winding down.  On December 9, 2019, during oral argument, EAC stated that its financial circumstances were precarious, and Plaintiffs confirmed that even if full damages were not available, Plaintiffs sought full cessation of ongoing collection.  In response, EAC's counsel stated on the record that "if the goal of this litigation is to get EAC to shut down, then we could have a discussion about that as a way of resolving the litigation."  On the basis of those representations to the Court and Plaintiffs' clear demand that the full cessation of collections as to the whole class be a necessary term of any settlement, Plaintiffs agreed to suspend litigation in order to conduct settlement discussions and hold a conference before Judge Netburn.  Without disclosing confidential settlement negotiations, Plaintiffs believe these representations were inaccurate and intended to delay this matter.

As long as EAC insists it is entitled to stay afloat on the backs of borrowers paying its fraudulent debt, Plaintiffs must consider expedited means to cease all collections and obtain any relief available.  In the three months since the parties appeared before the Court, Plaintiffs believe that EAC has collected approximately $500,000 per month from many thousands of class members.  Plaintiffs are considering multiple expedited litigation options to end these collections as soon as possible and to obtain any possible relief—relief that is increasingly important as all of us face an unprecedented crisis with severe economic consequences.  Plaintiffs request that Your Honor schedule a telephonic status conference with the parties as soon as is practicable in order to discuss expedited motion practice, scheduling, and case management.  Specifically, Plaintiffs will seek leave to pursue one or more of the following motions and/or other steps:

- ***Amending to Add Individual Defendants***:  Plaintiffs intend to amend to assert RICO claims against EAC's CEO Jeff Henn in his personal capacity.  Discovery to date has

demonstrated that Mr. Henn personally knew of and intentionally participated in the scheme to provide and fund scam student loan services to tens of thousands of federal student loan borrowers.  As Your Honor held, as to the RICO claims against EAC, "[a] complaint alleging mail and wire fraud as predicate acts of a RICO claim needs to plead only (1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participating in the scheme, and (3) the use of the interstate mails or transmission facilities in furtherance of the scheme." *See* Dkt. No. 73, at 22 (quoting *S.Q.F.K.C., Inc. V. Bell Atlantic TriCon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996)).  Your Honor explained that, "Under this standard, plaintiffs need not allege that each defendant itself made a misrepresentation as long as they allege sufficient facts showing each defendant's knowing or intentional participation in the alleged scheme to defraud." *Id.*

Mr. Henn knew of—and guided—EAC's role in this scheme.  Despite warnings of its harms and illegality, Mr. Henn continued to personally participate and direct EAC's participation.  Discovery shows early and consistent communications from borrowers reporting the fraudulent practices used to induce them to sign Credit Plans—communications that Mr. Henn reviewed.  Mr. Henn also reviewed communications from third parties, including the Better Business Bureau, EAC's vendors, and other regulators, warning that the Dealers' communications and the Credit Plans were fraudulent and deceptive.  Discovery shows Mr. Henn's knowledge of these warnings, and his directives to continue to originate and collect on Credit Plans, in furtherance of the overall scheme.

EAC's apparent insolvency makes adding Mr. Henn critical to the class's ability to obtain recovery on any eventual judgment.  Despite repeated requests, EAC has persisted in refusing to provide financial documentation to Plaintiffs.  Plaintiffs can only conclude from the terms of EAC's still-growing number of settlements with government agencies that the company will be unable to pay any damages eventually awarded to the class.

- ***Expedited Partial Class Certification and Summary Judgment***: Plaintiffs are considering requesting an expedited briefing schedule for summary judgment on their TILA claim, along with the certification of a class as to the that claim.  EAC's Credit Plans plainly fail to comply with the statute's disclosure requirements, including because they fail to accurately disclose that the financing is open-ended credit and actively misrepresent that it is closed-ended credit—a conclusion shared by multiple law enforcement agencies and documented in those agencies' settlements with EAC.  Given the low likelihood of monetary recovery on behalf of the class, Plaintiffs believe certification and summary judgment on this claim may be the most efficient path forward.

- ***Preliminary Injunction***: Plaintiffs may also seek leave to move for a preliminary injunction to direct EAC to deposit funds collected from putative class-members into an interest-bearing escrow account for the duration of litigation.  The Second Circuit has allowed for preliminary injunctions based on a debtor's impending insolvency: "[A] finding of irreparable harm may lie in connection with an action for money damages where the claim involves an obligation owed by an insolvent or a party on the brink of insolvency." *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 Fed. Appx. 779, 781 (2d Cir. 2010) (summary order) (citation omitted).  Courts have "the equitable power to [issue a prejudgment asset freeze pursuant to Rule 65] where such relief was traditionally

available: where the plaintiff is pursuing a claim for final equitable relief . . . and the preliminary injunction is ancillary to the final relief." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014); *see also Paradigm BioDevices, Inc. v. Centinel Spine, Inc.*, No. 11-CV-3489, 2013 WL 1915330, at *2 (S.D.N.Y. May 9, 2013) ("[W]hen the plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the status quo pending judgment."). Plaintiffs have asserted multiple equitable claims, including common law fraudulent inducement and a declaratory judgment that the Credit Plans are void, which support the entry of such a preliminary injunction.

- ***Leave to Amend to Add Fraudulent Transfer Claims***: Plaintiffs may seek further leave to amend to assert New York fraudulent transfer claims against EAC. Upon information and belief, funds being paid by class members to EAC are being transferred to other creditors, and will not be available for the class upon the entry of any judgment. New York law prohibits any conveyance "incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors." *See* N.Y. Debt. & Cred. Law § 276. While establishing intent may require additional discovery, it appears clear that the facts and circumstances of this fraudulent scheme and EAC's continued participation by collecting on Credit Plans are sufficient to plead "badges of fraud" and an intent to hinder, delay, or defraud the class out of its future recovery of substantial damages. *See S.E.C. v. Smith*, 646 Fed. Appx. 42, 45 (2d Cir. 2016) (describing that "intent may be inferred from the facts and circumstances surrounding the transfer"); *Kim v. Ji Sung Yoo*, 311 F. Supp. 3d at 613 ((describing badges of fraud such as the degree of "the transferor's knowledge of the creditor's claim and the transferor's inability to pay it" (citation omitted)). As putative creditors, the class is entitled to protect these funds for its future recovery. *See* N.Y. Debt. & Cred. Law § 270 (Creditor defined as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."); *see also Drenis v. Haligiannis*, 452 F. Supp. 2d 418, 428 (S.D.N.Y. 2006) (explaining that plaintiff with "a right to maintain a tort action" is a creditor at the time of transfer).

- ***Extended and Expedited Discovery***: Today, Plaintiffs served a letter on EAC's counsel specifying the Requests for Production for which we seek expedited production, and providing explanations of the relevance of each, as directed by the Court's October 3, 2019 order. *See* Dkt. No. 59. Plaintiffs have requested that EAC respond to all requests in 7 days, and Plaintiffs will seek to compel production if it fails to do so. Plaintiffs request that the Court also approve extended discovery deadlines. Between the delays from settlement, the need to seek relief to obtain productions, and EAC's failure to pursue discovery, discovery has not progressed as Plaintiffs previously expected.

Given the persistent pattern of delays and misrepresentations in this action, Plaintiffs believe that EAC aims to ensure that the class continue to pay on the Credit Plans until they expire, at which time EAC will be out of business and efforts to collect on any judgment will be futile. We seek the opportunity to discuss realistic scheduling for these next litigation steps, with respect to limitations on the resources of counsel and the Court. We also remain willing to discuss a serious settlement proposal with EAC—one that involves cessation of collection, including temporary cessation to permit further discussions—should EAC choose to make one.

4

Sincerely,

Jonathan B. Oblak

cc:     All Counsel Of Record (via ECF)