# AMINI LLC

Avery Samet
MEMBER NY BAR

212.497.8239
asamet@aminillc.com

March 24, 2020

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street, Room 2270
New York, NY 10007

**Re:** *Williams, et al. v. Equitable Acceptance Corp.*, **18-CV-07537**

Dear Judge Buchwald:

This firm is incoming counsel for Defendant Equitable Acceptance Corporation ("EAC"). We filed our notice of appearance in this action on January 24, 2020 and represented EAC at the mediation conference on March 3, 2020.

We write in response to the letter filed by Plaintiffs on Friday evening, March 20, 2020 [Doc. No. 74] seeking a pre-motion conference to discuss six potential motions, discovery demands, modifications to the schedule and allegations of "inaccurate representations" by EAC.

Extension of Discovery Schedule

Plaintiffs request an extension of the current discovery scheduling order. EAC agrees. The current pandemic has interrupted the operations of both EAC and its counsel. Our firm's office has been closed since March 17, and the undersigned has been home with his family in self-quarantine since the mediation on March 3. EAC, located in Minnesota, is shuttering its office and arranging for its employees to work from home. To the extent conditions allow, discovery can proceed during these shutdowns, but the deadlines should be adjusted.

Allegations of Misconduct

Next, Plaintiffs' accusation that EAC enticed them and this Court under false pretenses into a six-week delay of the case is untrue. Putting aside the impropriety of Plaintiffs misusing the parties' *confidential* settlement discussions as a sword and a shield to assert that EAC made "inaccurate representations[,]" EAC was candid with Plaintiffs about its settlement position—orally and in writing—well in advance of the March 3 mediation. While EAC cannot divulge the substance of the parties' discussions, EAC can say that it was at least as disappointed in Plaintiffs' conduct in the mediation as Plaintiffs claim to be in EAC's.

Hon. Naomi Reice Buchwald
March 24, 2020
Page 2

It is equally unseemly for Plaintiffs to blame EAC for the posture of the case, especially now that a once-in-a-lifetime public health crisis has occurred. But for the six weeks leading up to the mediation on March 3, Plaintiffs have controlled the pace at which this case has been litigated. They filed this case on August 17, 2018. Then, they filed an amended complaint on January 15, 2019. Since then, they have not sought any expedited consideration of this case and there has been no stay of discovery. They sought a single motion to compel in October 2019, and after the Court's ruling, received EAC's supplemental production by October 25, 2019. Before sending their letter Friday evening, Plaintiffs did not reach out, attempt to "meet and confer," or otherwise make any inquiry to defense counsel about discovery or any other issue raised in their letter.

Motion Practice

Plaintiffs also seek permission, albeit prematurely, to make a plethora of motions which they are apparently still "considering" whether they wish to make or not. Neither counsel nor EAC could practically respond to all of these hypothetical motions at the same time, let alone now. Below, we nevertheless respond briefly to the prospect of these motions, and then propose a schedule.

*Motions to Amend Complaint to Add Additional Parties*

Plaintiffs contend that "discovery" has revealed that EAC's chief executive officer "continued to personally participate" even after warnings from third-parties as to the program's alleged harms and illegalities.[1] However, Plaintiffs do not specify any such acts allegedly undertaken by Mr. Henn personally, or any details about these alleged and non-descript "warnings."

Plaintiffs are also apparently considering whether to seek to add an additional claim for intentional fraudulent transfer under N.Y. Debtor Creditor Law §276 against unnamed creditors of EAC because, "upon information and belief, funds being paid by class members are being transferred to other creditors…." Such a description belies a viable claim. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (complaint under NYDCL §276 must allege fraud with particularity with respect to each transaction sought to be avoided, based upon the relationship between the parties, the lack of ordinariness of each transfer, and the retention of control by the transferor). A mere preference as between two creditors is not an intentional fraud. *Id*.

*Motion for Preliminary Injunction*

Plaintiffs do not even try to articulate how they will meet their burden on any of the Rule 65 standards, including likelihood of success or balance of the equities, especially as they have waited *nineteen months* into the case to raise such an issue. In October, this Court denied Plaintiffs' request to bring a motion to compel EAC's financial information underlying its hardship settlements with certain regulators. Now based on nothing further, Plaintiffs contend that EAC's "impending insolvency" constitutes imminent, irreparable harm. *See CQS ABS*

---

[1] Plaintiffs received EAC's supplemental production in October 2019 and have undertaken no discovery since.

Hon. Naomi Reice Buchwald
March 24, 2020
Page 3

*Master Fund Ltd. v. MBIA Inc.*, No. 12 CIV. 6840 (RJS), 2014 WL 11089340, at *2 (S.D.N.Y. Jan. 29, 2014) (an assertion of the defendant's impending insolvency did not just justify a preliminary injunction after plaintiffs waited two months to file their motion).

      *Expedited Partial Class Certification and Summary Judgment*

Plaintiffs "are considering requesting" expedited "partial" class certification and summary judgment on "their TILA claim" (Plaintiffs do not specify which TILA claim), presumably without allowing discovery to conclude. Multiple class certification motions and repeated summary judgment motions serve no efficient purpose and will likely protract this litigation.

      *Motion for Both "Extended and Expedited" Discovery*

Plaintiffs seek expedited and extended discovery due to unspecified "delays and misrepresentations." Prior to receiving this letter or their simultaneous discovery deficiency letter on Friday evening, Plaintiffs failed to raise any of these issues with EAC, request a meet and confer or complain of any alleged discovery deficiency since Plaintiffs' October motion.

EAC proposes the following schedule:

1. Plaintiffs should decide whether they wish to amend their complaint or not, and if they do, they should then seek Court permission with a proposed amended complaint, and a briefing schedule should be set if the Court entertains the motion. If Plaintiffs decide not to pursue amendment, EAC respectfully requests three weeks to serve its Answer to the currently pending complaint.

2. Document discovery should proceed to the extent possible under the present circumstances. We do not have the ability to respond to demands within seven days under the current circumstances but will work with Plaintiffs' counsel.

3. The parties should work to schedule the depositions of the proposed class representatives (and whatever depositions Plaintiffs require for class certification purposes), as soon as possible after the lifting of any applicable stay-at-home orders. Following the depositions, Plaintiffs should be allowed to move for class certification.

4. The conclusion of fact discovery should be extended to 90 days after the stay-at-home order is lifted.

5. The expert discovery schedule should be amended to a more traditional Plaintiffs, Defendant, rebuttal schedule with depositions to follow the reports.

We are available for a conference call any day this week or next week except during the morning of Thursday, March 26, 2020.

Thank you for Your Honor's consideration of this letter.

Hon. Naomi Reice Buchwald
March 24, 2020
Page 4

Respectfully submitted,

*/s Avery Samet*

Avery Samet

cc:   All counsel of record (*via ECF*)