**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
VANESSA WILLIAMS and KORY TURNER,
Individually and on behalf of all persons similarly
Situated,                                                                18-CV-07537 (NRB)

                    *Plaintiffs*,

v.

EQUITABLE ACCEPTANCE CORPORATION,
SLF CENTER, LLC, INTEGRA STUDENT
SOLUTIONS, LLC and DOES 1-41,

                    *Defendants*.
-----------------------------------------------------------------x

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant, Equitable Acceptance Corporation ("EAC"), by counsel, answers Vanessa

Williams' and Kory Turner's ("Plaintiffs") amended complaint (the "Amended Complaint") as

follows:

1.      Denies.

2.      Denies, and objects to the defined term "Dealers" as lacking definition and

specificity, as EAC contracted with numerous individual dealers.

3.      Denies knowledge or information sufficient to form a belief as to how counsel

drafted the complaint, and otherwise denies the allegations of Paragraph 3.

4.      Denies.

5.      Admits that EAC pays dealers to acquire payment promises owed to dealers, and

otherwise denies the allegations of Paragraph 5.

6.      Denies.

7.      Denies.

8.      Denies.

9.      Denies the allegations of Paragraph 9, except admits that Paragraph 9 purports to quote from the Second Amended Complaint in the referenced action and refers to that document for the contents thereof.

10.      Denies the allegations of Paragraph 10, and otherwise denies knowledge or information sufficient to form a belief as to whether over sixty Borrowers have described their experiences with Defendants to putative class counsel, and admits that Borrowers have made complaints to the BBB and CFPB and that other state regulators and the Federal Trade Commission have commenced regulatory investigations of EAC.

11.      Paragraph 11 contains no factual allegations to which any response is required.

12.      Paragraph 12 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 12.

13.      Paragraph 13 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 13.

14.      Paragraph 14 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 14.

15.      Paragraph 15 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 15.

16.      Admits that Plaintiff Vanessa Williams is a natural person, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 16.

17.      Admits that Plaintiff Kory Turner is a natural person, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 17.

18.      Paragraph 18 states conclusions of law as to which no response is required.

19.      Admits.

20.     Denies knowledge or information sufficient to form a belief as to the allegation of Paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the allegation of Paragraph 21.

22.     Admits that the Department of Education oversees the federal student loan program but denies knowledge or information sufficient to form a belief as to the specific amounts of funds and borrowers.

23.     Admits that students can obtain federal loans through one or more federal student loan programs created by statute, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 24.

25.     Denies to the extent the allegation implies that the Servicers are not paid for the work they perform.

26.     Admits.

27.     Admits that the federal government contracts with Servicers and that those contracts are publicly-available, and otherwise refers to those documents for the contents thereof.

28.     Denies that USED designed Servicers' contracts to place financial incentives on Servicers to "keep[] borrowers in on-time repayment status and help[] borrowers avoid default[,]" and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 28.

29.     The first sentence of Paragraph 29 states conclusions of law to which no response is required.  EAC otherwise denies the allegations of Paragraph 29.

30.     Admits.

31.     Denies.

32.     Admits that Paragraph 32 purports to quote from the USED website and refers to that website for the contents thereof, and otherwise denies the allegations of Paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 33, and refers to the cited website for the contents thereof.

34.     Denies.

35.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 38.

39.     Denies that consolidation may be especially valuable on "rare" occasions, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 39.

40.     Admits.

41.     Admits that a borrower's loans continue to accrue interest in the Income Driven Repayment program, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 41.

42.     Admits that a borrower may select which type of Income Driven Repayment plan to enroll in, that the "recommended" option is to check the box stating: "I want the income-driven repayment plan with the lowest monthly payment, and that a borrower must submit documentation of his or her family income, and otherwise denies the allegations of Paragraph 42.

43.     Admits that Paragraph 43 purports to quote from the USED website and refers to that website for the contents thereof, and otherwise denies the allegations of Paragraph 43.

44.     Admits.

45.     Admits that a borrower who makes twenty to twenty-five years of payments under Income Driven Repayment may be eligible to have the remaining balance of his or her loans forgiven, denies that the amount of any balance forgiven is taxable to all borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 45.

46.     Denies.

47.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 47.

48.     Denies.

49.     Denies.

50.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 52.

53.    Denies.

54.    Admits.

55.    Denies.

56.    Admits that Paragraph 56 purports to quote from the USED website, and refers to that website for the contents thereof.

57.    Admits that Paragraph 57 purports to quote from the cited website, and refers to that website for the contents thereof.

58.    Admits that Paragraph 58 purports to quote from the cited website, and refers to that website for the contents thereof.

59.    Admits that EAC has provided indirect financing to consumers purchasing goods for household use, objects to the definition of "Purported Services" as vague, and otherwise denies the allegations of Paragraph 59.

60.    Admits that dealers pitched services directly to Borrowers and that EAC entered into a Master Dealer Agreement with individual dealers, and otherwise denies the allegations of Paragraph 60.

61.    Admits that EAC currently has an "F" rating on the BBB website, and otherwise denies the allegations of Paragraph 61.

62.    Admits that Integra Student Services currently has an "F" rating on the BBB website, and otherwise denies the allegations of Paragraph 62.

63.    Admits that SLF Center currently has an "F" rating on the BBB website, and otherwise denies the allegations of Paragraph 63.

64.    Denies.

65.    Denies that dealers find Borrowers through referrals from EAC, and otherwise denies knowledge and information sufficient to form a belief as to the allegations of Paragraph 65.

66.    Denies that dealers merely "purport" to offer legitimate student loan assistance services to Borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 66.

67.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 67.

68.    Denies.

69.    Denies.

70.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 70.

71.    Denies.

72.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 72.

73.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 73.

74.    Admits that third-party dealers such as SLF cannot provide loan forgiveness on federal student loans.

75.    Admits that dealers provide these services, among others.

76.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 76.

77.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 77.

78.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 78.

79.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 79.

80.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 80.

81.    Admits that Paragraph 81 purports to quote from the BBB and CFPB websites, and refers to those websites for the contents thereof.

82.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 82.

83.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 83.

84.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 84.

85.    Denies.

86.    Denies knowledge or information sufficient to form a belief as to any representations made by individual dealers, and otherwise denies that all services provided by the dealers have little to no value.

87.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 87.

88.    Denies.

89.    Denies that all the Services provided by the dealers are otherwise available for free from their Servicers and USED, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 89.

90.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 90.

91.    Admits that Paragraph 91 purports to quote from the BBB website, and refers to that website for the contents thereof.

92.    Denies.

93.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 93.

94.    Admits that Mr. Turner submitted an Income-Driven Repayment Plan Request indicating that he was already in an income-driven repayment plan and was submitting documentation early because he wanted his loan holder to recalculate his payment immediately, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 94.

95.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 95.

96.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 96, except admits that Mr. Hill made the quoted statement, but denies that the statement was false.

97.     Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 97.

98.     Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 98.

99.     Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 99.

100.     Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 100.

101.     Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan

borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 101.

102.    Admits that consolidation or income-driven repayment has the same effect on Borrowers' interest rates whether the dealers perform the enrollment or not, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 102.

103.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 103.

104.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 104.

105.    Admits the second and third sentences of Paragraph 105, and otherwise denies knowledge and information sufficient to form a belief as to the allegations of Paragraph 105.

106.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 106.

107.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 107.

108.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 108.

109.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 109.

110.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 110.

111.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 111.

112.     Admits that SLF Center consolidated Ms. Williams's loans and enrolled her in Income Driven Repayment, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 112.

113.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 113.

114.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 114.

115.     Denies.

116.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 116.

117.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 117.

118.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 118.

119.     Denies.

120.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 120.

121.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 121.

122.     Admits that Paragraph 122 purports to quote from the BBB and CFPB websites, and refers to those websites for the contents thereof.

123.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 123.

124.    Admits that the price of the dealers' services was often approximately $1,300, and otherwise denies the allegations of Paragraph 124.

125.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 125.

126.    Paragraph 126 states conclusions of law to which no response is required.

127.    Denies.

128.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 128.

129.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 129.

130.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 130.

131.    Denies.

132.    Denies.

133.    Denies.

134.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 134.

135.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 135.

136.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 136.

137.    Admits that Paragraph 137 purports to quote from the BBB and CFPB websites, and refers to those websites for the contents thereof.

138.    Denies.

139.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 139.

140.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 140.

141.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 141.

142.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 142.

143.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 143.

144.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 144.

145.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 145.

146.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 146.

147.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 147.

148.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 148.

149.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 149.

150.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 150.

151.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 151.

152.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 152.

153.    Admits that EAC has a software platform that the dealers have access to, and also admits that EAC evaluates each Borrower's creditworthiness and assigns each Borrower a letter grade, with "A" corresponding to the most creditworthy Borrower, and otherwise denies the allegations of Paragraph 153.

154.    Admits that dealers electronically send to Borrowers a document packet through an electronic signature application, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 154.

155.    Denies.

156.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 156.

157.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 157.

158.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 158.

159.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 159.

160.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 160.

161.    Admits that dealers include language in the document packets that they send to Borrowers that discloses features of the transaction, such as that dealers are not affiliated with the Department of Education, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 161.

162.    Admits that Paragraph 162 purports to quote from the Integra Document Preparation and Service Agreement and refers to that document for the contents thereof.

163.    Admits that dealers who wish to assign payment promises to EAC were required to use an EAC-approved form, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 163.

164.    Denies the allegations of Paragraph 164, except admits that the agreements sent to Borrowers by dealers to be assigned to EAC were EAC forms, and refers to those documents for the contents thereof.

165.    Admits that EAC communicates with Borrowers about the document packet by email and phone, and otherwise denies the allegations of Paragraph 165.

166.    Admits the allegations of Paragraph 166, and refers to the Purchase Agreement for the contents thereof.

167.    Admits that the document packet contains such a document, but objects to the definition to the extent that it excludes other documents in the packet that are integrated and incorporated with it.

168.    Denies.

169.    Denies.

170.    Denies.

171.    Denies.

172.    Denies that Paragraph 172 accurately quotes from the credit plan, and refers to that document for the contents thereof.

173.    Admits that the dealer's name appears at the bottom of page two as the "Seller-Company Name" and that the "Rep ID" also appears in the same location, and otherwise denies the allegations of Paragraph 173.

174.    Denies that the credit plan does not state the amount of minimum monthly payments, admits that some credit plans provide for an annual interest rate of 20.99% and others provide for an annual interest rate of 17.99%, and otherwise admits the allegations of Paragraph 174.

175.    Denies that Paragraph 175 accurately characterizes and quotes from the credit plan, and refers to that document for the contents thereof.

176.    Admits that some packets include an "Equitable Acceptance Auto Pay Terms of Use," otherwise denies the allegations of Paragraph 176, and refers to the documents themselves for their contents and terms.

177.    Denies.

178.    Paragraph 178 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 178.

179.    Denies.

180.    Paragraph 180 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 180.

181.    Denies.

182.    Admits that the Purchase Agreement states a "Monthly Payment" amount and that EAC's auto pay program is set up to debit that same amount each month, and otherwise denies knowledge or information sufficient to form a belief as the remainder of the allegations in Paragraph 182.

183.    Denies.

184.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 184.

185.    Admits.

186.    Admits that the credit plan states that "[a]dditional purchases may be made in excess of the credit extended to me under this agreement only upon written application and

advance approval by you[,]" and refers to the credit plan for the contents thereof, and otherwise denies the allegations of Paragraph 186.

187.    Denies.

188.    Denies.

189.    Paragraph 189 states conclusions of law as to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 189.

190.    Denies.

191.    Paragraph 191 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 191.

192.    Denies.

193.    Paragraph 193 states conclusions of law to which no response is required.  To the extent any response is required, EAC admits that the credit plan states a Daily Periodic Rate and corresponding Annual Percentage Rate.

194.    Denies and refers to the credit plan for the contents thereof.

195.    Denies.

196.    Denies.

197.    Admits.

198.    Denies that monthly billing statements do not disclose any Grace Period available to Borrowers, and otherwise admits the allegations of Paragraph 198.

199.    Denies.

200.    Denies.

201.    Denies.

202.    Denies.

203.    Denies that the loans are accurately described as "Deceptive Loan[s]", and otherwise admits the allegations of Paragraph 203.

204.    Denies.

205.    Denies.

206.    Denies.

207.    Admits that EAC reviews the complaints and reviews Borrowers submit on the BBB and CFPB websites and receives complaints directly from Borrowers by phone or email, and otherwise denies the allegations of Paragraph 207.

208.    Denies.

209.    EAC refers to the email for contents thereof and otherwise denies the allegations of Paragraph 209.

210.    Denies.

211.    Admits that the phrases "fast funding" and "revenue stream" appear on the EAC website, and otherwise denies the allegations of Paragraph 211.

212.    Admits that Borrowers make interest payments and late fee payments on contracts assigned to EAC to EAC, and otherwise denies the allegations of Paragraph 212.

213.    Denies that Paragraph 213 accurately characterizes the Master Dealer Agreement, and refers to that document for the contents thereof.

214.    Admits that when EAC invokes the recourse provision, the dealer must pay EAC an amount to cover the Borrower's outstanding balance on the obligation, and otherwise denies the allegations of Paragraph 214.

215.    Denies.

216.    Denies.

217.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 217.

218.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 218.

219.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 219.

220.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 220.

221.    Admits that Paragraph 221 purports to quote from the EAC website, and refers to that website for the contents thereof.

222.    Denies.

223.    Denies.

224.    Admits that EAC required dealers to submit an audio verification, refers to the recording for the contents thereof, and otherwise denies the allegations of Paragraph 224.

225.    Denies.

226.    Denies.

227.    Denies.

228.    Admits that EAC authored that response, denies that the statement is false, and otherwise denies the allegations of Paragraph 228.

229.    Paragraph 229 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 229.

230.    Denies.

231.    Denies.

232.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 232.

233.    Admits that EAC repeatedly states that it "purchased" or "acquired" the Borrowers' contracts from the dealers, and otherwise denies the allegations of Paragraph 233.

234.    Denies.

235.    Admits that EAC has entered into releases with certain Borrowers, and otherwise denies the allegations of Paragraph 235.

236.    Denies, and refers to any such documents for the contents thereof.

237.    Admits that EAC continues to collect payments, including through auto pay, and otherwise denies the allegations of Paragraph 237.

238.    Admits.

239.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 239.

240.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 240.

241.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 241.

242.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 242.

243.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 243.

244.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 244.

245.    Objects to the use of the term Dealers herein, as EAC contracted with numerous individual dealers that EAC understood provided document preparation services for student loan borrowers, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 245.

246.    Denies.

247.    Denies.

248.    Denies.

249.    Denies.

250.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 250.

251.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 251.

252.    Denies.

253.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 253.

254.    Denies.

255.    Denies.

256.    Denies that Defendants participated in a "Scheme" and that Ms. Williams made payments to EAC, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 256.

257.    Denies that Defendants participated in a "Scheme" and that Mr. Turner was harmed in the amount of payments he made to EAC and Integra, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 257.

258.    Admits that Paragraph 258 purports to quote from the BBB website, and refers to that website for the contents thereof.

259.    Denies that Defendants' conduct injures New York consumers in all the ways described above, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 259.

260.    The first sentence of Paragraph 260 contains no factual allegations to which any response is required.  EAC otherwise admits that the remaining allegations of Paragraph 260 purport to quote from the cited website, and refers to that website for the contents thereof.

261.    Denies that EAC is under investigation by the FTC.

262.    Admits that Paragraph 262 purports to quote from the Second Amended Complaint in the referenced action and refers to that document for the contents thereof.

263.    Admits.

264.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 264.

265.    Denies that Paragraph 265 accurately characterizes and quotes from the cited website, and refers to that website for the contents thereof.

266.    Admits that EAC and Dealers have been sued and refers to those actions for the contents thereof.

267.    Admits the cited action was commenced in July 2018 and that Paragraph 267 purports to quote from the complaint therein, and refers to the complaint for the contents thereof.

268.    Admits the cited action was commenced and refers to the complaint for the contents thereof.

269.    Denies.

270.    Admits that Plaintiff Vanessa Williams was twenty-four-years old at the time of the Amended Complaint and that she borrowed at least $21,000 in student loans, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 270.

271.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 271.

272.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 272.

273.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 273.

274.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 274.

275.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 275.

276.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 276.

277.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 277.

278.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 278.

279.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 279.

280.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 280.

281.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 281.

282.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 282.

283.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 283.

284.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 284.

285.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 285.

286.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 286.

287.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 287.

288.    Admits that SLF Center sent Ms. Williams a document packet that she electronically signed on August 17, 2017.

289.    Admits that Ms. Williams received a document packet through DocuSign, and otherwise denies the allegations of Paragraph 289.

290.    States that the document packet speaks for itself and refers to that packet for the contents thereof, and otherwise denies the allegations of Paragraph 290.

291.    Denies.

292.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 292 but admits that Ms. Williams executed the documents in the document packet.

293.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 293, and refers to the document for the contents thereof.

294.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 294.

295.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 295.

296.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 296.

297.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 297.

298.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 298.

299.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 299.

300.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 300.

301.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 301.

302.    Denies that SLF Center listed Ms. Williams' email address as at the domain numailnow.com on the Master Promissory note, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 302.

303.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 303.

304.    Admits that Ms. Williams' Income Driven Repayment application states that Ms. Williams had not filed taxes in the previous two years, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 304.

305.    Denies that the billing statements did not disclose the Grace Period, and otherwise admits the allegations of Paragraph 305.

306.    Denies.

307.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 307.

308.    Admits that Ms. Williams cancelled the auto-pay authorization and made no payments to EAC.

309.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 309.

310.    Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph 310.

311.    Denies.

312.    Denies.

313.    Denies.

314.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 314.

315.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 315.

316.    Admits that Ms. Williams resided in New York, and otherwise denies the allegations of Paragraph 316.

317.    Admits that Plaintiff Kory Turner was thirty-one-years old at the time of the Amended Complaint and that he borrowed at least $80,000 in student loans, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 317.

318.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 318.

319.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 319.

320.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 320.

321.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 321.

322.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 322.

323.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 323.

324.    Denies knowledge or information as to Integra's statements and Mr. Turner's understanding, but admits that Mr. Turner agreed to purchase Integra's services.

325.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 325.

326.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 326.

327.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 327.

328.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 328.

329.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 329.

330.    Admits that Mr. Turner signed a contract with Integra on September 23, 2016, and otherwise denies knowledge and information sufficient to form a belief as to the allegations of Paragraph 330.

331.    Admits that Mr. Turner received the document packet through DocuSign, and otherwise denies the allegations of Paragraph 331.

332.    States that the document packet speaks for itself and refers to that packet for the contents thereof, and otherwise denies the allegations of Paragraph 332.

333.    Denies.

334.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 334.

335.    Denies.

336.    Denies knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 336 and denies the second sentence.

337.    Admits that EAC transmitted billing statements to Mr. Turner from December 2016 to October 2017, and otherwise denies the allegations of Paragraph 337.

338.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 338.

339.    Admits that the referenced box is checked on Mr. Turner's application and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 339.

340.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 340.

341.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 341.

342.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 342.

343.    Admits.

344.    Admits that EAC sent billing statements to Mr. Turner during and after January 2017, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 344.

345.    Admits.

346.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 346.

347.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 347.

348.    Admits.

349.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 349.

350.    Admits that Mr. Turner made a $39.42 payment to EAC on August 30, 2017.

351.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 351.

352.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 352.

353.    Admits except refers to the document for the contents thereof.

354.    Admits.

355.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 355.

356.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 356.

357.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 357.

358.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 358.

359.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 359.

360.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 360.

361.    Paragraph 361 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 361.

362.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 362.

363.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 363.

364.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 364.

365.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 365.

366.    Denies.

367.    Paragraph 367 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 367.

368.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 368.

369.    Denies.

370.    Paragraph 370 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 370.

371.    Paragraph 371 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 371.

372.    Admits that EAC's general counsel has stated that EAC has provided indirect financing to about 60,000 Borrowers.  Paragraph 372 otherwise states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 372.

373.    Paragraph 373 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 373.

374.    Paragraph 374 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 374.

375.    Paragraph 375 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 375.

376.    Paragraph 376 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 376.

377.    Denies.

378.    Paragraph 378 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 378.

379.    Admits that Named Plaintiffs are represented by NYLAG and QEU&S, but denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 379.

380.    Paragraph 380 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 380.

381.    Paragraph 381 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 381.

382.    Admits.

383.    Admits.

384.    Paragraph 384 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 384.

385.    Denies.

386.    EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 386.

387.    Denies.

388.    Paragraph 388 states conclusions of law as to which no response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 388.

389.    Denies.

390.    Denies.

391.    Admits that the Master Dealer Agreement contains a recourse provision and refers to that document for the contents thereof, and otherwise denies the allegations of Paragraph 391.

392.    Denies.

393.    Paragraph 393 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 393.

394.    Denies.

395.    Denies.

396.    Denies.

397.    Denies.

398.    Paragraph 398 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 398.

399.    Paragraph 399 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 399.

400.    Denies.

401.    Denies.

402.    Denies.

403.    Denies.

404.    Denies.

405.    Denies.

406.    Denies.

407.    Denies.

408.    Denies.

409.    Denies.

410.    Denies.

411.    Denies.

412.    Denies.

413.    Paragraph 413 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 413.

414.    Paragraph 414 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 414.

415.     Paragraph 415 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 415.

416.     Paragraph 416 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 416.

417.     Paragraph 417 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 417.

418.     Paragraph 418 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 418.

419.     Paragraph 419 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 419.

420.     Paragraph 420 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 420.

421.     Paragraph 421 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 421.

422.     Paragraph 422 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 422.

423.     Paragraph 423 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 423.

424.     Paragraph 424 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 424.

425.     Paragraph 425 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 425.

426.    Paragraph 426 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 426.

427.    Paragraph 427 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 427.

428.    Paragraph 428 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 428.

429.    Paragraph 429 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 429.

430.    Paragraph 430 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 430.

431.    Admits.

432.    Admits.

433.    Paragraph 433 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 433.

434.    Paragraph 434 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 434.

435.    Paragraph 435 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 435.

436.    Denies.

437.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 437.

438.    Paragraph 438 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 438.

439.    Paragraph 439 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 439.

440.    Denies.

441.    Denies.

442.    Denies.

443.    Denies.

444.    Denies.

445.    Paragraph 445 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 445.

446.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 446.

447.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 447.

448.    Paragraph 448 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 448.

449.    Paragraph 449 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 449.

450.    Paragraph 450 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 450.

451.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 451.

452.    Denies.

453.    Denies.

454.    Denies.

455.    Paragraph 455 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 455.

456.    Paragraph 456 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 456.

457.    Paragraph 457 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 457.

458.    Paragraph 458 states conclusions of law to which no response is required.  To the extent a response is required, EAC refers to New York General Obligations Law Section 5-501(1) for the contents thereof.

459.    Paragraph 459 states conclusions of law to which no response is required.  To the extent a response is required, EAC refers to Banking Law Section 14-a(1) for the contents thereof.

460.    Admits that certain credit plans contained interest rates of 20.99% APR or 17.99% APR, and otherwise denies the allegations of Paragraph 460.

461.    Admits that EAC collected payments due under the credit plans and otherwise denies knowledge or information.

462.    Paragraph 462 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 462.

463.    Paragraph 463 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 463.

464.    Paragraphs 464-475 contains no allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

465.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

466.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

467.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

468.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

469.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

470.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

471.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

472.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

473.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

474.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

475.    Paragraphs 464-475 contains no factual allegations as to EAC to which any response is required.  To the extent any response is required, EAC denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 464-475.

476.    Denies.

477.    Denies.

478.    Paragraph 478 states conclusions of law to which no response is required.  To the extent any response is required, EAC denies the allegations of Paragraph 478.

479.    Paragraph 479 contains no factual allegations to which any response is required. To the extent any response is required, EAC denies the allegations of Paragraph 479.

With respect to Plaintiffs' prayer for relief, EAC denies that Plaintiffs are entitled to any of the requested relief.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim, either in whole or in part, upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs have not suffered injury in fact as a result of any alleged act of EAC.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense

This Court lacks personal jurisdiction over EAC.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

### Sixth Affirmative Defense

Plaintiffs have failed to mitigate their damages.

### Seventh Affirmative Defense

Plaintiffs' claims are moot.

### Eighth Affirmative Defense

Plaintiffs lack standing to assert claims against EAC to the extent that they never paid EAC or to the extent they suffered no injury from any act undertaken by EAC.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine or the doctrine of ratification.

**<u>Additional Defenses</u>**

EAC reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, EAC prays for judgment as follows:

1.    Dismissing the Amended Complaint in its entirety and with prejudice; and

2.    Awarding EAC its costs of suit incurred herein, including attorneys' fees and expenses; and

3.    Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York                AMINI LLC
      April 24, 2020


                                            By:  /s  *Avery Samet*
                                                Bijan Amini
                                                Avery Samet
            131 West 35th Street, 12th Floor
            New York, New York 10001
            Tel: (212) 490-4700
            bamini@aminillc.com
            asamet@aminillc.com

            *Counsel to Defendant Equitable Acceptance*
            *Corporation*