UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANESSA WILLIAMS and KORY TURNER, individually and on behalf of all persons similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>EQUITABLE ACCEPTANCE CORPORATION, SLF CENTER, LLC, INTEGRA STUDENT SOLUTIONS, LLC, and JEFFREY D. HENN,<br><br>      Defendants. | No. 18-CV-07537 (NRB)<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |

NAOMI REICE BUCHWALD, United States District Judge:

**NOW IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. <u>Incorporation of Settlement Agreement</u>:  This Final Order, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, incorporates the terms set forth in the Stipulation of Settlement as to All Claims Against Defendants Equitable Acceptance Corporation ("EAC") and Jeffrey Henn ("Henn") submitted to the Court by the parties (the "Settlement Agreement"). For the purposes of this Order, the Court adopts by reference the definitions set forth in the Settlement Agreement.

2. <u>Class Certification:</u> The Court grants final certification of the following Class, solely for purposes of the settlement of this class action (the "Settlement"), pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure: all individuals who obtained a Credit Plan from EAC to finance student loan assistance services.

3. <u>Rule 23 Requirements</u>: For purposes of the Settlement, the Court confirms its findings in the Preliminary Approval Order that the requirements of Federal Rule of Civil Procedure 23 and any other applicable laws have been satisfied, in that:

   a. The Class is so numerous that joinder of all members would be impractical;

   b. The Named Plaintiffs have alleged one or more questions of fact and law that are common to all Class Members;

   c. Based on the Named Plaintiffs' allegations that EAC and Henn engaged in uniform conduct affecting all Class Members, the Named Plaintiffs' claims are typical of those of other members of the Class;

   d. The Named Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) the Named Plaintiffs' interests are consistent with those of the other Class Members, (*ii*) Class Counsel has been and is able and qualified to represent the Class, (*iii*) the Named Plaintiffs and Class Counsel have fairly and adequately represented all of the Class Members in seeking both monetary and injunctive relief, and in negotiating and entering the Settlement;

   e. EAC and Henn have acted on grounds that apply generally to the Class Members, so that injunctive relief is appropriate respecting the Class as a whole;

   f. Questions of law and/or fact common to the Class Members predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action; and

   g. The Class is ascertainable from business records and/or from objective criteria.

4. <u>Notice:</u>  The Court finds that the distribution of the notice (*i*) constituted the best practicable notice; (*ii*) constituted notice that was reasonably calculated, under the circumstances, to

apprise Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the releases), Class Members' right to object to the proposed Settlement, Class Members' right to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (*iii*) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law. The parties filed with this Court adequate proof regarding the notice provided to Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

5. <u>Approval of the Named Plaintiffs and Appointment of Class Counsel</u>: For the purposes of the Settlement, the Court hereby confirms its approval of Vanessa Williams and Kory Turner as class representatives; and appointment of the New York Legal Assistance Group and Quinn Emanuel Urquhart & Sullivan, LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6. <u>Approval of Class Administrator</u>: The Court confirms its approval of Atticus Administration, LLP to serve as the Class Administrator.

7. <u>Settlement Approval</u>: The Court approves the Settlement Agreement as fair, reasonable, and adequate, and finds that it is the result of intensive, arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case.

8. <u>Monetary Relief</u>: The Court approves the Settlement Amount of $1 million, as fair, reasonable, and adequate.

9. Allocation Plan: The Court approves the Allocation Plan, which compensates Class Members in proportion to the payments EAC collected from them, and provides additional compensation to the twenty Class Members listed in Plaintiffs' initial disclosures, as fair, reasonable and adequate.

10. Untimely Claims:  In accordance with the Preliminary Approval Order, Class Counsel is authorized, in their discretion, to direct the Class Administrator to accept otherwise valid Claims by Class Members submitted after the Objection, Exclusion, and Claim Submission Deadline.

11. Distribution from Class Settlement Account: The Court directs the Class Administrator to distribute the Settlement Amount from the Class Settlement Account in a manner consistent with the Allocation Plan and this Order.

12. Distribution of Funds to Class Members:  The Class Administrator is directed to make reasonable and diligent efforts to have Class Members cash their distribution checks or otherwise accept their payments from the Class Administrator. To the extent that funds remain in the Class Settlement Account after the initial distribution to eligible Class Members, the Class Administrator and Class Counsel shall together determine whether to make a further distribution (or distributions) consistent with the Allocation Plan, after considering whether such distribution is practical and feasible in light of the money that remains in the Class Settlement Account and the estimated costs of any such distribution.  If further distribution(s) is(are) economically feasible, Class Counsel shall be permitted, in its discretion, to allocate a portion of the available funds as payment to the Class Administrator for the work of the additional distribution(s). If further distribution(s) is(are) not economically feasible, the remainder shall, subject to Court approval, be given as a *cy pres* award one or more not-for-

profit organizations approved by the Court that benefits individuals adversely affected by federal student loan debt.  Under no circumstances will any funds in the Class Settlement Account revert to Defendants. Class Counsel shall provide notice to the Court by letter filed on ECF when all distributions under the Settlement are complete.

13. <u>Service Awards:</u>  The Court finds that the requested Service Awards of $3,000 are reasonable under the circumstances.  These amounts shall be paid out of the Class Settlement Account.

14. <u>Attorneys' Fees and Expenses Award:</u>  Class Counsel are hereby awarded Attorneys' Fees and Costs in the amount of $157,550, to be paid out of the Class Settlement Account.  The Court finds that the Attorneys' Fees and Expenses are fair, reasonable and appropriate.

15. <u>Administration Expenses:</u>   The Court approves Administration Expenses in the amount of $86,450 to be paid to the Class Administrator out of the Class Settlement Account.

16. <u>Permanent Injunctions:</u> Consistent with the Settlement Agreement, the Court hereby permanently:

    a.  Bars and enjoins EAC and Jeffrey Henn from pursuing any collections against Class Members on the Credit Plans.

    b.  Bars and enjoins EAC and Jeffrey Henn from selling, assigning, or transferring any Credit Plans or otherwise taken any action that would permit any party to claim a right to collect on any Credit Plan funded or originated by EAC.

    c.  Bars and enjoins EAC and Jeffrey Henn from acquiring, issuing, originating or financing new Credit Plans.

    d.  Orders that EAC shall fully cooperate in Class Counsel's efforts to assist Class Members whose Credit Plans have been sold or assigned to Dealers or other entities, shall provide truthful and complete information upon Class Counsel's reasonable

notice, and shall designate an individual who is responsible for carrying out this cooperation, who shall be required to carry out such cooperation even in the event that EAC closes or ceases business operations.

17. <u>Transfer of Dealer Claims</u>: any outstanding claim or cause of action held by EAC against any Dealer in connection with the Credit Plans or student loan assistance services purportedly provided to Class Members by the Dealers, whether known or unknown, including, but not limited to, fraud, fraudulent concealment, fraudulent inducement, breach of contract, unjust enrichment, negligent misrepresentation, the New York General Business Law § 349, or any other theories of law or state or federal statutes, shall be permanently transferred to the Class Members.

18. <u>Class Action Fairness Act</u>:  The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this Action.

19. <u>Jurisdiction</u>:  The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, Class Members, and Defendants, and has jurisdiction to enter this Order.  The Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Settlement Agreement, the Settling Parties, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement Agreement, including the enforcement of this Order. If, after the date of this Order, Plaintiffs find that EAC failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified in the Settlement Agreement, Plaintiffs may move the Court for appropriate relief.

20. Dismissal of the Action: The claims as to EAC and Jeffrey Henn are dismissed with prejudice according to the terms of the Settlement Agreement, without fees or costs to any party except as provided therein and in this Order.

21. Released Claims:  Consistent with the Settlement Agreement:

    a. The Settlement Class Members (*i*) shall have, fully, finally, and forever compromised, released, relinquished, settled, and discharged any and all Class Released Claims against each of the Defendants; (*ii*) shall have covenanted not to sue any of the Defendants with respect to any of the Class Released Claims; and (*iii*) shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Class Released Claims against any of the Defendants.

    b. On the Final Settlement Date, Defendants shall be deemed to have forever released and discharged the Class Members from the Defendants' Released Claims.

22. No Admission of Wrongdoing: This Order, the Settlement Agreement, the settlement that it reflects, and any and all acts, documents, or proceedings relating to the Settlement Agreement are not and shall not be deemed an admission or concession by or against the Settling Parties of any liability or wrongdoing as to any facts or claims alleged in the Action.

23. Further Amendments of the Settlement: The parties are hereby authorized without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement that are consistent with this Final Judgment and Order.

Dated: _____
       New York, New York

                                              _____
                                              **NAOMI REICE BUCHWALD**
                                              **UNITED STATES DISTRICT JUDGE**